UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN MILNER,
    Plaintiff,

v.                                                                CASE NO. 3:16-cv-1621 (SRU)

ALLISON BLACK, et al.,
    Defendants.

**INITIAL REVIEW ORDER**

Plaintiff Shawn Milner, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs. Milner names as defendants Warden Allison Black, Deputy Warden Kim Jones, Lieutenant Devone Bishop, Correctional Officer Ried, Correctional Officer John Doe, Dr. Sara Blumberg, and Nurse Michael Tyszka. The complaint was scanned at the correctional facility and was received by the court on September 27, 2016. (doc. 1) Milner's motion to proceed *in forma pauperis* was granted on September 29, 2016. (doc. 6)

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the

grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

After Milner was admitted to the Bridgeport Correctional Center, he informed the intake nurse, Michael Tyszka, that he had a seizure disorder, had been issued a bottom bunk pass and was prescribed various medications. When he reached his housing unit, Milner told Unit Officer Doe that he had a bottom bunk pass as a result of his seizure disorder. Officer Doe told Milner that no one told him about the pass. He told Milner to enter the cell and he would contact a supervisor. Shortly thereafter, Officer Doe stated that Nurse Tyszka denied that Milner had a bottom bunk pass. When Milner complained that the pass had been honored at his previous place of confinement, Officer Doe stated that there was nothing he could do and directed Milner to speak to a lieutenant when he toured the housing unit.

On March 28, 2016, Milner wrote to Lieutenant Bishop after having spoken with her during a tour of the unit. Milner complained about being in a top bunk despite a diagnosed seizure disorder and a bottom bunk pass. Lieutenant Bishop did not respond to the letter or take any action to address the situation.
2

On March 29, 2016, Milner wrote to Dr. Blumberg. Nothing was done. On March 30, 2016, Milner wrote to Warden Black about his medical issue. He complained about being forced into a top bunk despite having a bottom bunk pass. Milner received no response and no action was taken.

On April 3, 2016, Milner began to feel lightheaded. He saw spots and experienced blurred vision. Milner recognized these symptoms as preliminary indicators of a seizure. Milner called for help. After about ten minutes, Correctional Officer Ried came to Milner's cell door. Milner explained that he was experiencing signs of an oncoming seizure and asked Correctional Officer Ried to contact the medical unit. Milner began to feel extremely disoriented and got into his top bunk. Milner experienced a violent tonic-clonic seizure, which caused him to fall off the bunk onto the concrete floor. Milner injured his shoulder and head in the fall.

Milner remained on the floor, seizing, until a "code white," signaling a serious medical emergency, was called. Nurse Tyszka responded to the code and observed Milner convulsing on the floor. Milner was taken to the medical unit on a stretcher. He awoke in an ictal state and slowly recovered his orientation. Milner further alleges that the medical code was not called until Milner's cellmate and other inmates on the tier had been banging and yelling for ten minutes. Milner now fears being returned to a top bunk.

II.   Analysis

Milner includes two counts in his complaint. In the first count, he alleges that all defendants were made aware of his seizure disorder, yet failed to protect him from harm. In the second count, Milner alleges that the defendants were deliberately indifferent to his serious medical need when they failed to provide needed treatment for his condition.

It is well settled in this circuit that a plaintiff must allege facts demonstrating the personal involvement of each defendant in the alleged constitutional violation before damages can be awarded. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Milner alleges that he wrote to defendants Lieutenant Bishop, Warden Black and Dr. Blumberg about his situation. Although those allegations may not be sufficient at trial or on a motion for summary judgment, they are sufficient to state a claim for supervisory liability against those three defendants. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013). Milner, however, makes no allegations against defendant Deputy Warden Jones in his statement of facts. Absent any allegations that she was even aware of the situation, there is no factual basis for a damages claim against her. Any claim against defendant Jones in her individual capacity is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Milner also asserts a claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration, or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279–80 (2d Cir. 2006). Negligence that would support a

claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.*

Milner alleges that he suffers from a seizure disorder. Other district courts considering this condition have held that a seizure disorder is a serious medical need. *See, e.g., Harrington v. Vadlamudi*, 2016 WL 4570441, at *7 (N.D.N.Y. Aug. 9, 2016) ("A seizure condition is a serious medical condition and a failure to respond to an inmate's complaints constituting the possible onset of a seizure may constitute a sufficiently serious deprivation of medical care) (citing cases). Thus, the allegations satisfy the objective component.

Milner also alleges that he had a bottom bunk pass, presumably to avoid the precise injuries he suffered. The defendants, however, failed to recognize that a pass had been issued when he was transferred to the Bridgeport Correctional Center and, despite his letters, did not investigate the issuance of the pass. I accordingly conclude that, at this stage of litigation, the allegations are sufficient to state plausible claims for deliberate indifference to a serious medical need.

In addition, prison officials have a duty to make reasonable efforts to ensure inmate safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a constitutional violation, Milner must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *Id.* at 834.

Milner suffers from a seizure disorder. If he suffered a seizure while on the top bunk, he was at risk of falling and injuring himself, a possibility that he alleges actually came to pass. Although Milner alerted the defendants to his condition and the fact that he had been issued a bottom bunk pass, he was assigned a top bunk and no defendant investigated his claims. Those

allegations are sufficient at this time to state a claim for deliberate indifference to safety.

    IV.    <u>Conclusion</u>

The claims against defendant Jones in her individual capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed against defendants Black, Bishop, Ried, Blumberg, Tyszka, and Doe in both their individual and official capacities and against defendant Jones in her official capacity only.

It is hereby ordered that:

(1)    **The Clerk shall** verify the current work addresses for defendants Black, Bishop, Ried, Blumberg, and Tyszka, with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him or her in individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)    **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on all defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)    **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the Court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendants or the attorneys

for the defendants of his new address.

(10)	The Court cannot effect service on defendant Doe without his full name and current work address. The plaintiff is directed to obtain this information though discovery and file a notice containing this information.

(11)	The plaintiff shall utilize the Prisoner Efiling Program when filing any document with the Court.

**SO ORDERED** this 5th day of December 2016 at Bridgeport, Connecticut.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge