UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN MILNER,
    Plaintiff,

v.                                    CASE NO. 3:16-cv-1621 (SRU)

ALLISON BLACK, *et al.*,
    Defendants.

**RULING AND ORDER**

Plaintiff Shawn Milner ("Milner"), currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs. This ruling addresses several motions filed by Milner: two motions for appointment of counsel (docs. 19 and 25), a motion for settlement conference (doc. 21), four motions to compel (docs. 24, 27, 31, and 32), a motion for pretrial conference (doc. 26), a motion for consent decree (doc. 28), and two motions for entry of default (docs. 29 and 33).

I.     Motions for Appointment of Counsel (docs. 19 and 25)

Milner has filed two motions seeking appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir.

1997).

The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is "unable to obtain counsel." *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)). In his first motion for appointment of counsel, Milner states that he contacted three attorneys, Sidney Schulman, Norman Pattis, and Aaron Romano, but received no responses for over thirty days. His supplemental motion for appointment of counsel does not indicate that he contacted any other attorneys, nor does Milner indicate in either motion whether he contacted Inmates' Legal Assistance Program, the organization under contract with the Department of Correction to provide legal assistance to Connecticut inmates. Because Milner has not sought legal assistance from Inmates' Legal Assistance Program, the court cannot determine whether he is able to obtain legal assistance on his own.

In addition, the Second Circuit has reiterated the importance of requiring an indigent plaintiff to "pass the test of likely merit." *Cooper*, 877 F.2d at 173–74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171 (quotation marks and citation omitted). The current record, consisting of the Complaint and Answer, is insufficient to determine whether Milner's claims possess likely merit. Thus, appointment of counsel is premature.

Milner's motions for appointment of counsel are therefore **denied without prejudice** to refiling at a later stage of litigation. Any renewed motion shall include additional information, such as a copy of a letter from Inmates' Legal Assistance Program, about why assistance was declined.

II.     Motions for Settlement and Pretrial Conferences (docs. 21 and 26)

Milner has filed a motion asking the court to schedule a settlement conference in this case. When asked about interest in a settlement conference, defendants' counsel informed the court's *pro se* law clerk that, upon receipt of Milner's motion, he sent Milner a letter inquiring about the "reasonable proposal" mentioned in the motion but received no response. Milner's motion is thus **denied without prejudice**. If Milner is interested in settlement, he should respond to counsel's letter. If settlement seems possible, counsel is directed to inform the court so a settlement conference can be scheduled.

Milner also has filed a motion for pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. That motion is **granted**. Following the issuance of this Order, the court will contact the parties to arrange a telephonic Rule 16 conference in which to discuss the pleadings, deadlines, and possibilities for settlement in this case.

III.    Motions to Compel (docs. 24, 27, 31, and 32)

Milner has filed four motions to compel. In the first motion, he states that he requested copies of the UConn/CMHC Policy and Procedures Manual but that the defendants want to charge him for the copy. He attaches to his motion a copy of a letter indicating that he requested the document under the Freedom of Information Act, not through the discovery process. That motion (doc. 24) is **granted in part:** if Milner specifies which portions of that Manual he would like to review, the defendants should provide him with that portion or should timely present their objection to the court.

In the second motion to compel, Milner states that he requested materials over thirty days ago and has not received them. He does not attach a copy of his production request or describe the documents requested. In response to the first two motions to compel, the defendants state that they did not receive any discovery requests and note that if the requested document is the one referenced in the prior motion, the request for that document was not served on them through the discovery process in this case. *See* (doc. 30). Absent identification of the documents requested and evidence that a request for those documents was mailed to defendants' counsel, the second motion to compel (doc. 27) is **denied without prejudice**.

The third motion to compel is an incomplete copy of the fourth motion. The exhibits were not included with the third motion. Accordingly, the third motion to compel (doc. 31) is **denied as moot** in light of the replacement fourth motion to compel.

Milner attaches a copy of his February 23, 2016, discovery request to the fourth motion to compel. That request indicates that it was mailed to defendants' counsel and emailed to the court. Because discovery requests are not filed with the court, *see* D. Conn. L. Civ. R. 5(f)1, the request was not entered on the court's docket. Due to the conflicting statements regarding whether this request was mailed to defendants' counsel, the court will afford the defendants an opportunity to respond to the discovery request. Because the request is appended to this motion, the defendants should consider the request served on them. Defendants are directed to serve their responses within **thirty days from the date of this order** and to file a notice with the court when the response is served. Milner's fourth motion to compel (doc. 32) is thus **denied without prejudice** to refiling should the defendants fail to timely respond to the discovery request.

IV. <u>Motion for Consent Decree (doc. 28)</u>

Milner asks the court to appoint a court official to oversee daily operations at Northern Correctional Institution to ensure that all employees comply with the United States Constitution. He alleges that correctional staff lack ethical training and have developed an off-the-record policy of violating the constitutional rights of prisoners as well as departmental policy. He alleges that staff believe they can act with impunity because no one will believe a prisoner over a correctional officer. Milner contends that court-ordered supervision will reduce the amount of force used against inmates and the number of lawsuits filed.

Milner states that he filed this motion pursuant to Rules 11 and 12 of the Federal Rules of Civil Procedure; however, neither Rule 11 nor Rule 12 discuss consent decrees. A consent decree is entered as a resolution of the case. "The only difference between a consent decree and any other written stipulation of settlement that may follow a binding oral agreement[] is that it is endorsed by the court." *Aguiar v. New York*, 2008 WL 4386761, at *11 (S.D.N.Y. Sept. 25, 2008). A federal court's endorsement, in turn, means that whereas settlement agreements are contacts and—absent an independent basis for exercise of federal jurisdiction—any enforcement proceeding must be pursued in state court, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (1994), a consent decree is directly enforceable though the federals court's contempt power, *Benjamin v. Jacobson*, 172 F.3d 144, 157 (2d Cir.), *cert. denied*, 528 U.S. 824 (1999).

A consent decree resolves a case and is entered only with the agreement of both parties following settlement negotiations. It cannot be requested unilaterally by motion. Milner's motion for consent decree is therefore **denied**.

5

V. Motions for Entry of Default (docs. 29 and 33)

Milner has filed two motions seeking entry of default against the defendants. In the first motion, Milner states that the defendants were ordered to respond to his motion to compel by April 28, 2017, but have not done so. In response, the defendants state that they never received the production underlying the motion to compel. A review of the docket reveals no order that the defendants respond to a motion to compel by April 28, 2017. Thus, they are not in default and the first motion for entry of default (doc. 29) is **denied**.

In the second motion, Milner again seeks entry of default against the defendants for failure to respond to his discovery request. Milner's recourse if the defendants fail to respond to discovery requests is to file a properly supported motion to compel. The fourth motion to compel discussed above satisfies this requirement. Because the court has afforded the defendants additional time to respond to the discovery request, they are not in default. The second motion for default (doc. 33) is **denied**.

VI. Conclusion

Milner's motions for appointment of counsel [**ECF Nos. 19, 25**] are **DENIED** without prejudice to refiling. Any renewed motion shall include information, such as a copy of a letter from Inmates' Legal Assistance Program, about why assistance was declined.

Milner's motion for a settlement conference [**ECF No. 21**] is **DENIED** without prejudice. His motion for a Rule 16 Pretrial Conference [**ECF No. 26**] is **GRANTED**, and the court will contact the parties to schedule such a conference.

Milner's first motion to compel **[ECF No. 24]** is **GRANTED IN PART**. If Milner specifies which portions of the Manual he would like to receive, the defendants shall provide it to him, or shall timely present any objections to the court. Milner's second and third motions to compel **[ECF Nos. 27, 31]** are **DENIED**. The fourth motion to compel [**ECF No. 32**] is **DENIED** without prejudice to refiling. Defendants shall consider the February 23, 2017 discovery request, which is appended to the fourth motion to compel to have been served on them. Defendants shall respond to the request within **thirty (30) days** from the date of this Order and shall file a notice with the court when the response is served.

Milner's motions for consent decree and entry of default [**ECF Nos. 28, 29, 33**] **are DENIED**.

**SO ORDERED** this 30th day of May 2017 at Bridgeport, Connecticut.

                                          /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge