UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN MILNER,
    Plaintiff,

v.      CASE NO. 3:16-cv-1621 (SRU)

ALLISON BLACK, et al.,
    Defendants.

**RULING AND ORDER**

Plaintiff Shawn Milner ("Milner"), currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs while he was confined at Bridgeport Correctional Center. Milner now is confined at Northern Correctional Institution. He has filed a motion for preliminary injunctive relief seeking an immediate end to his confinement in administrative and punitive segregation, provision of all medical care Milner deems necessary, transfer to a correctional facility with an on-site 24-hour infirmary, and restoration of his telephone and food-purchasing privileges.

District courts may grant interim injunctive relief, in the form of a preliminary injunction or temporary restraining order "where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of*

*Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)).

In addition, the request for injunctive relief must relate to the claims in the complaint. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (observing that a preliminary injunction is appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); *see also Oliphant v. Quiros*, 2010 WL 2180780, at *1 (D. Conn. May 19, 2010) ("[T]he petitioner must establish a relationship between the injury claimed in the motion seeking injunctive relief and the conduct giving rise to the action.") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The claims in this action concern treatment for seizures that Milner received at Bridgeport Correctional Center. There are no claims regarding confinement in administrative or punitive segregation, denial of telephone calls to family or the ability to purchase food, or medical care for other complaints. Because those issues are not related to any claims in this case, the request for injunctive relief to address them is denied.

The only request for relief that does appear related to the issues in this case is Milner's request that he be transferred to a facility with a 24-hour infirmary. Milner contends that he requires such a facility to address his medical needs. He has provided medical records showing that he was taken to the hospital following a seizure experienced at Cheshire Correctional Institution and that he is taking several anti-seizure medications. In lieu of evidence specifically indicating that he must be confined in a facility with a 24-hour infirmary, Milner asserts that he was returned to Northern Correctional Institution because that facility has a 24-hour infirmary and Cheshire Correctional Institution does not; however, the transfer summary he provides includes no reason for the transfer. *See* ECF No. 35 at 19. The defendants state, without evidentiary support, that correctional medical staff are aware of his condition and that he is being appropriately treated.

Regardless of the outcome of the parties' dispute over whether Milner actually requires such care, as a result of the transfer to Northern, Milner currently is incarcerated in a facility with a 24-hour infirmary. The speculative possibility that he may be transferred to a facility without one, without a more concrete threat, does not support an award of preliminary injunctive relief. *See Faiveley v. Transport Malmo AB v. Wabtec Corp.*, 449 F.3d 110, 118 (2d Cir. 2009) (speculative injury insufficient to warrant preliminary injunctive relief). Thus, Milner has not

shown that preliminary injunctive relief is warranted.

Milner's motion for preliminary injunctive relief [**ECF No. 34**] is **DENIED** without prejudice.

**SO ORDERED** this 20th day of June 2017 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge